1

2

3

4

5

6

7               IN THE UNITED STATES DISTRICT COURT

8            FOR THE EASTERN DISTRICT OF CALIFORNIA

9    JOSE DEJESUS RODRIGUEZ,

10          Plaintiff,                    No. CIV S-07-1077 GEB JFM PS

11          vs.

12   AUTOMATIC SWITCH CO.,

13          Defendant.              <u>FINDINGS AND RECOMMENDATIONS</u>

14   _____/

15          Plaintiff is proceeding in this action pro se and in forma pauperis.  This

16   proceeding was referred to this court by Local Rule 72-302(c)(21).

17          Presently calendared for hearing on December 6, 2007, is defendant's motion to

18   dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Local Rule 78-230(h), the court has

19   determined that the matter will be submitted on the papers without oral argument.  Upon review

20   of the motion and the documents in support and opposition, and good cause appearing therefor,

21   THE COURT MAKES THE FOLLOWING FINDINGS:

22          In considering a motion to dismiss, the court must accept as true the allegations of

23   the complaint in question.  <u>See</u> <u>Hospital Bldg. Co. v. Trustees of Rex Hosp.</u>, 425 U.S. 738, 740

24   (1976).  The court must also construe the pleading in the light most favorable to the party

25   opposing the motion and resolve all doubts in the pleader's favor.  <u>See</u> <u>Jenkins v. McKeithen</u>,

26   395 U.S. 411, 421 (1969).  Furthermore, unless a court converts a Rule 12(b)(6) motion into a

1

1  motion for summary judgment, a court cannot consider material outside of the complaint (e.g.,

2  facts presented in briefs, affidavits, or discovery materials).  <u>Levine v. Diamanthuset, Inc.</u>, 950

3  F.2d 1478, 1483 (9th Cir.1991).  A court may, however, consider exhibits submitted with the

4  complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201.

5  <u>Hal Roach Studios, Inc. v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1555 n.19 (9th Cir.1989); <u>Mack</u>

6  <u>v. South Bay Beer Distributors, Inc.</u>, 798 F.2d 1279 (9th Cir.1986).

7        A motion to dismiss for failure to state a claim should not be granted unless it

8  appears beyond doubt that a plaintiff can prove no set of facts in support of the claim that would

9  entitle the plaintiff to relief.  <u>See</u> <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Palmer v.</u>

10 <u>Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).  However, a court may

11 dismiss a pro se litigant's complaint without leave to amend if it appears beyond a doubt that the

12 plaintiff can prove no set of facts that would entitle plaintiff to relief and this defect cannot be

13 cured by amendment.  <u>See</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957);  <u>McGuckin v. Smith</u>,

14 974 F.2d 1050, 1055 (9th Cir.1992).

15       Defendant contends plaintiff's action is barred by the doctrine of *res judicata*

16 from bringing the instant action because plaintiff initially filed his claims against defendant in

17 state court and then voluntarily dismissed that action, resulting in a dismissal with prejudice.

18 Defendant contends that dismissal is a final determination on the merits.  Defendant also notes

19 that plaintiff's filing in federal court was untimely in that the instant complaint was not filed

20 within the 90 days following the EEOC right to sue notice.

21       In his complaint, plaintiff sues his former employer, Automatic Switch Company,

22 raising claims under Title VII and the common law of the State of California.  Specifically,

23 plaintiff alleges that he was terminated from employment based on race, color or national origin

24 and that defendant employer used practices and policies designed to deprive non-Caucasian

25 employees of equal employment opportunities, all in violation of Title VII.  Plaintiff also alleges

26 defendant employer breached plaintiff's employment contract, engaged in negligent hiring,

1  training and/or retention of unfit employees.  Finally, plaintiff appears to contend that defendant

2  employer, its president, its supervisors and decision-makers are all Caucasian and have conspired

3  to treat Caucasian employees more favorably than minority employees and otherwise

4  discriminated against minority employees.

5           Before bringing a Title VII action in federal court, a plaintiff must first exhaust

6  administrative remedies by filing a timely charge with the Equal Employment Opportunity

7  Commission ("EEOC").  See E.E.O.C. v. Farmer Bros. Co., 31 F.3d 891, 899 (9th Cir.1994).[1]

8  This charge must be filed within 180 days of the last discriminatory act (or within 300 days in a

9  state, such as California, which has its own anti-discrimination laws and agency).  See 42 U.S.C.

10  § 2000e-1.  The district court complaint must be filed within 90 days of receipt of a Right-to-Sue

11  Letter from the EEOC.  See id. § 2000e-5(f)(1).  The scope of the district court's jurisdiction is

12  limited by the allegations contained in the EEOC charge and the EEOC investigation.  See

13  Farmer Bros. Co., 31 F.3d at 891.

14           Appended to plaintiff's amended complaint are copies of correspondence

15  confirming that plaintiff had pursued his remedies with the EEOC.  (Am. Complt., Ex. A.)

16  Defendant has now provided a copy of the EEOC's dismissal and notice of right to sue, dated

17  March 31, 2006, and requests the court take judicial notice of same.  (October 19, 2007 RJN, Ex.

18  1.)  Good cause appearing, defendant's request to take judicial notice will be granted.

19           In the amended complaint, plaintiff states, "[f]or exhaustion purposes, this case is

20  a removal action, no longer a state court one."  (Am. Complt. at 5.)  In a separate filing, plaintiff

21  asks the court not to dismiss his case as time-barred, claiming he timely filed suit in state court,

22  but subsequently removed that action to federal court.  (June 27, 2007 letter, Docket No. 6.)

23           Defendant has provided a copy of plaintiff's voluntary request for dismissal with

24  prejudice of his complaint in Rodriguez v. Automatic Switch Company, Case No. CV029155,

25

26           [1]  This requirement is subject to waiver, estoppel, and equitable tolling.  See Zipes v.
Trans World Airlines, 455 U.S. 385, 398 (1982).

1    entered February 20, 2007, in the San Joaquin County Superior Court.  (October 19, 2007 RJN,

2    Ex. 3.)  Defendant's request to take judicial notice of this public document will also be granted.

3    Although the dismissal form has two separate boxes from which to choose the nature of the

4    dismissal, i.e. "with prejudice" or "without prejudice," plaintiff specifically marked the box

5    "with prejudice."  (Id.)

6           Plaintiff filed the instant action on June 6, 2007.

7           First, the court notes that plaintiff did not "remove" his state court action to

8    federal court.  State court records reflect that plaintiff voluntarily dismissed his state court action

9    on February 20, 2007, but did not file his federal court action until June 6, 2007.

10          Second, plaintiff's filing in federal court was untimely as it was not filed within

11   90 days of the March 31, 2006 right to sue deadline.  Although plaintiff contends he "removed"

12   the action from state court to federal court, plaintiff waited almost four months after dismissing

13   his state court action before filing the instant action.  Plaintiff raised no allegations concerning

14   equitable tolling and has presented no facts that would entitle him to equitable tolling.

15   Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir.1996) (the doctrine of equitable

16   tolling requires that "extraordinary circumstances" prevented filing a timely claim).

17          The court will address the issue of *res judicata* third.  Under the doctrine of *res*

18   *judicata*, "'[a] final judgment on the merits bars a subsequent action between the same parties or

19   their privies over the same cause of action.'"  The Fund for Animals, Inc. v. Lujan, 962 F.2d

20   1391, 1398 (9th Cir. 1992)(citations omitted).  When a state court judgment is the source of the

21   claimed *res judicata*, a federal court must give the state court judgment the same full faith and

22   credit it would be entitled to in the courts of the state in which it was entered.  See Allen v.

23   McCurry, 449 U.S. 90, 96 (1980)(citing 28 U.S.C. § 1738).

24          Under California law, a final judgment on the merits precludes re-litigation of the

25   same cause of action.  See Pension Trust Fund for Operating Engineers v. Triple A Machine

26   Shop, Inc., 942 F.2d 1457, 1460 (9th Cir. 1991).  *Res judicata* is an equitable doctrine intended

4

1   to relieve litigants of the cost and vexation of multiple lawsuits, conserve judicial resources, and,

2   by preventing inconsistent decisions, encourage reliance on adjudication.  Allen v. McCurry, 449

3   U.S. 90, 94 (1980).  *Res judicata* applies if the claim raised in the subsequent action "'relates to

4   the same "primary right" as a claim in a prior action, the prior judgment was final and on the

5   merits, and the plaintiff was a party or in privity with a party in the prior action.'"  Sanchez v.

6   City of Santa Ana, 936 F.2d 1027, 1035-36 (9th Cir. 1990)(citations omitted).[2]

7              Plaintiff acknowledges that he first filed this action in state court and "removed" it

8   to federal court.  (Am. Complt. at 5; June 27, 2007 letter, Docket No. 12.)  Plaintiff thus

9   concedes he raises the same claims here as he brought in state court, meeting the first *res*

10  *judicata* prong.  But even if plaintiff attempted to dispute this prong, he would fail as plaintiff's

11  claims here and in the state court all stemmed from plaintiff's employment with defendant, the

12  primary right therein.

13             In addition, the parties are the same; plaintiff sued the Automatic Switch

14  Company here and in state court, meeting the third *res judicata* prong.  See Eichman v. Fotomat

15  Corp., 197 Cal.Rptr. 612, 614 (Cal.Ct.App.1983) (*res judicata* bars claims actually litigated in a

16  prior proceeding and claims that might have been litigated); see also Yellow Freight System, Inc.

17  v. Donnelly, 494 U.S. 820, 826 (1990) (state courts have concurrent jurisdiction over Title VII

18  claims).

19             The disputed issue is whether the state court judgment was final and on the merits.

20  Plaintiff argues that the state court action was not heard on the merits; indeed, he dismissed the

21

22         [2]  The "primary right" requirement is met where "two actions involve the same injury to
    the plaintiff and the same wrong by the defendant," even if plaintiff in the second suit "pleads
23  different theories of recovery, seeks different forms of relief and/or adds new facts supporting
    recovery."  Eichman v. Fotomat Corp., 147 Cal. App. 3d 1170, 1174 (1983).  So long as the same
24  primary right is involved in two actions, judgment in the first bars subsequent consideration of all
    matters that were raised or could have been raised in the first suit.  Id. at 1175; see also Miller v.
25  County of Santa Cruz, 39 F.3d 1030, 1034 (1994).  Under the "primary right" doctrine, however,
    even non-identical claims in this subsequent proceeding would be barred, so long as the two
26  actions involved the same injury to plaintiff and the same wrong by defendant.

1  state court action mid-discovery.  However, plaintiff voluntarily dismissed the state court action

2  with prejudice.

3           Unless otherwise specified, a dismissal with prejudice is typically a final

4  judgment on the merits.  See Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002)("[t]he

5  phrase 'final judgment on the merits' is often used interchangeably with 'dismissal with

6  prejudice' ")  In both California and federal courts, a voluntary dismissal with prejudice has the

7  effect of a final judgment on the merits.  Roybal v. University Ford, 255 Cal.Rptr. 469, 472

8  (Ct.App.1989); Beard v. Sheet Metal Workers Union, Local 150, 908 F.2d 474, 477 n.3 (9th

9  Cir.1990).  Thus, the voluntary dismissal with prejudice was a dismissal on the merits, meeting

10 the second *res judicata* prong.

11          Inasmuch as there is an identity of claims, a final judgment on the merits and

12 identity between the parties, this action is also barred by the doctrine of *res judicata*.

13 Defendant's motion to dismiss should be granted.

14          In accordance with the above, IT IS HEREBY ORDERED that:

15          1.  The December 6, 2007 hearing is vacated; and

16          2.  Defendant's October 19, 2007 request for judicial notice is granted.

17          IT IS HEREBY RECOMMENDED that defendant's October 19, 2007 motion to

18 dismiss be granted.

19          These findings and recommendations are submitted to the United States District

20 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days

21 after being served with these findings and recommendations, any party may file written

22 objections with the court and serve a copy on all parties.  Such a document should be captioned

23 "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that

24 /////

25 /////

26 /////

1  failure to file objections within the specified time may waive the right to appeal the District

2  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3  DATED:  November 21, 2007.

4

5  _____

6  UNITED STATES MAGISTRATE JUDGE

7  /001;rodr1077.mtd

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26